IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY TAVALE ESTEBAN, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> TERESER A. BANKS, Warden, ) <br> ) <br> Respondent. ) <br> ) | No. C 07-01103 JW (PR) <br><br> ORDER OF TRANSFER |

Petitioner is a federal prisoner who is incarcerated at the Federal Correctional Institution in Terminal Island, California ("FCI-TI"). His criminal proceedings took place in this district before the Honorable James Ware. Petitioner has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the computation of his time credits by the Bureau of Prisons.

Review of the execution of a federal sentence is properly brought as a petition under 28 U.S.C. § 2241. See Mills v. Taylor, 967 F.2d 1397, 1400 (9th Cir. 1992) (presentence time credit claim); United States v. Giddings, 740 F.2d 770, 772 (9th Cir. 1984) (same). Section 2241 allows "the Supreme Court, any justice thereof, the district courts and any circuit judge" to grant writs of habeas corpus "within their

Order of Transfer
G:\PRO-SE\SJ.JW\HC.07\Esteban01103_transfer(2241).wpd

respective jurisdictions." 28 U.S.C. § 2241(a). The Supreme Court has interpreted this to mean that the court issuing the writ must have jurisdiction over the custodian. Rumsfeld v. Padilla, 124 S. Ct. 2711, 2721-22 (2004). "[F]or core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." Id. at 2722.

Although this court may have jurisdiction to hear a petition, see Braden, 410 U.S. at 494-95, Braden also makes clear that "venue considerations may, and frequently will, argue in favor of adjudication of the habeas claim in the jurisdiction where the habeas petitioner is confined." Chatman-Bey v. Thornburgh, 864 F.2d 804, at 813 (D.C. Cir. 1988); see also McCoy v. United States Bd. of Parole, 537 F.2d 962, 966 (8th Cir. 1976) ("Once the custodian of the petitioner is properly served, the question is no longer jurisdictional, but one of the most convenient forum for litigation."); 1 J. S. Liebman, supra, § 10.2(d) at 141 ("Personal jurisdiction is only the first 'proper forum' hurdle the petitioner must clear."). Transfer of a petition to another district court may therefore be in order on grounds of convenience. See Braden, 410 U.S. at 499 n.15; McCoy, 537 F.2d at 966; United States ex rel. Meadows v. New York, 426 F.2d 1176, 1183 n.9 (2d Cir. 1970), cert. denied, 401 U.S. 941 (1971).

Federal courts generally take the position that the district of confinement "is normally the forum most convenient to the parties," McCoy, 537 F.2d at 966, and therefore exercise discretion in transferring petitions to the district of confinement "in the interests of justice" pursuant 28 U.S.C. § 1404(a). See id.; see also Dunne v. Henman, 875 F.2d 244, 249-50 (9th Cir. 1989) (suggesting that even where district court has personal jurisdiction over custodian, preferred forum is district where petitioner is confined). This practice is supported by the fact that a prisoner's records follow him to the place of incarceration and in that it promotes uniformity in the filing of § 2241 petitions; in contrast, a system that allows a prisoner in

California to challenge the execution of his federal sentence in any of the four district courts within the state, since they all have personal jurisdiction over any California custodian, works against this. A transfer to the district of confinement on convenient forum grounds is therefore preferable as long as no undue delay is created. See Chatman-Bey, 864 F.2d at 814 ("Delay is undesirable in all aspects of our justice system, but it is especially to be avoided in the sensitive context of habeas corpus.")

Here, petitioner was convicted in the Northern District of California but is confined at FCI-TI, which is located in Los Angeles County, California. The judicial district in which Los Angeles County is located is the Western Division of the Central District of California. See 28 U.S.C. § 84(c). Therefore, pursuant to 28 U.S.C. § 2241(b), the Clerk of Court is directed to TRANSFER this action forthwith to the United States District Court for the Western Division of the Central District of California.

The clerk shall transfer this matter and close the file.

DATED: February 28, 2008

JAMES WARE
United States District Judge

Order of Transfer
G:\PRO-SE\SJ.JW\HC.07\Esteban01103_transfer(2241).wpd    3